Filed 2/26/15  P. v. Lawrence CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E061931 |
| v. | (Super.Ct.No. SWF025676) |
| JAMES EDWARD LAWRENCE, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  F. Paul Dickerson III, Judge.  Affirmed.

Law Offices of John F. Schuck, and John F. Schuck, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant James Edward Lawrence appeals after the trial court denied his petition for discretionary three strikes resentencing under Penal Code section 1170.126.  We affirm.

1

In 2010, defendant was convicted of a gas station robbery he committed in May 2008. Defendant was sentenced as a third striker for the 2008 robbery, based upon seven prior strike convictions, arising from a series of robberies he had committed in North Carolina in 1983 and 1984. He received a sentence of 25 years to life for the 2008 robbery, with other enhancements, resulting in a total indeterminate term of 31 years to life. This court affirmed the judgment, with minor corrections to the abstract of judgment, in November 2010.

In November 2012, the voters passed Proposition 36, the Three Strikes Reform Act, which created a procedure for third strike offenders to petition for resentencing, if the offender is serving an indeterminate life term for a third strike conviction that is not a serious or violent felony. If the offender meets the criteria set forth in Penal Code section 1170.126, subdivision (e), he or she may be resentenced as a second striker, unless the court determines that such resentencing would pose an unreasonable risk of danger to public safety.

Penal Code section 1170.126, subdivision (b), contains a two-year time limit within which to file a resentencing petition. Defendant mailed a petition, referencing Penal Code section 1170.126, to the Superior Court of Riverside County. The petition was marked "received" on August 3, 2014; the petition was proffered within the appropriate time frame. The trial court characterized the initial petition as "Ex-Parte

Correspondence," for modification of sentence, and "denie[d] said request," on August 11, 2014.

Defendant's petition was marked as "filed" on August 20, 2014. However, although defendant's petition purported to attack his three strikes sentence, it did so based on dual or multiple use of a particular prior conviction as a prison term prior one-year enhancement, a prior serious felony five-year enhancement, and a qualifying strike conviction.

In September 2014, defendant proceeded to file a notice of appeal from the denial of his request for resentencing under Penal Code section 1170.126. Appellate Defenders, Inc., filed an amended notice of appeal on defendant's behalf from an "Order after judgment affecting substantial rights of defendant in that the trial court denied defendant's motion to modify his sentence in which defendant relied on *People v. Vargas* (2014) 59 Cal.4th 635 and Penal Code section 1170.126."

This court appointed counsel to represent defendant. We now examine the appeal.

ANALYSIS

Appointed appellate counsel has filed a brief under authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 [87 S.Ct. 1396, 18 L.Ed.2d 493], setting forth a brief summary of the facts and a statement of the case. Counsel has also identified two potential arguable issues on appeal: (1) whether defendant is entitled to resentencing pursuant to *People v. Vargas*, *supra*, 59 Cal.4th 635, 637 (*Vargas*) (two prior convictions arising out of a single act against a single victim

3

cannot constitute two strikes); (2) whether defendant is entitled to resentencing under Penal Code section 1170.126. Counsel has also requested this court to undertake a review of the entire record.[1]

Defendant has been offered an opportunity to file a personal supplemental brief, which he has not done. Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and we find no arguable issues.

As to the suggestion that defendant might be entitled to resentencing under *Vargas*, *supra*, 59 Cal.4th 635, we determine that *Vargas* is inapplicable. The California Supreme Court held in *Vargas* that two prior convictions (robbery and carjacking) were based on the same act, committed at the same time, and against a single victim (a single act of taking the victim's car by force) cannot be treated as two separate strike convictions in a subsequent prosecution. "The typical third strike situation . . . involves a criminal offender who commits a qualifying felony after having been afforded two previous chances to reform his or her antisocial behavior, hence the law's descriptive baseball-related phrase, ' "Three Strikes and You're Out." ' " (*Id.* at p. 638.) When two separate convictions are based on a single act against a single victim on a single occasion, the offender has not been afforded two opportunities for reform, but only one. Accordingly, a trial court abuses its discretion in failing to dismiss one of the strikes; the

---

[1] We have taken judicial notice of the record in the prior appeal (*People v. Lawrence* (Nov. 17, 2010, E050482) [nonpub. opn.].)

4

court should have sentenced the offender as a second striker, rather than as a third striker. (*Id.* at pp. 647-649.)

Here, by contrast, defendant's strike convictions were the seven robbery offenses he committed in North Carolina. Even though the convictions were obtained in a single trial proceeding, almost all the offenses took place on separate dates (two of the robberies were committed on the same date, July 25, 1984). Under the best case scenario for defendant, he still had six prior strike convictions that unquestionably were not based on the same act. The North Carolina robberies were all properly treated as separate strike convictions.

Defendant's petition shows he was confused about which allegations concerned strike convictions. The thrust of defendant's petition was that one of the 1984 North Carolina robbery convictions was used first for a prior prison term enhancement (one year) under Penal Code section 667.5, subdivision (b), second as a prior serious felony conviction enhancement (five years) under Penal Code section 667, subdivision (a), and third as one of the seven prior strike convictions under the three strikes recidivist sentencing scheme. Defendant mistakenly refers to two of his prison term priors (North Carolina robbery conviction in 1984, and California conviction of burglary in 1999) and the prior serious felony five-year enhancement allegation (North Carolina robbery in 1984) as "strikes." The enhancement allegations were not "strike" allegations, even though the 1984 North Carolina robbery conviction was also used as a strike allegation.

5

In essence, defendant's petition raised the issue of multiple use of the same conviction, rather than a claim that all seven of his strike priors arose from a single act.

It is not an improper dual use of facts to use the same prior conviction to impose the doubling requirement under Penal Code sections 1170.12, subdivision (c)(1), and 667, subdivision (e)(1) ("Three Strikes" law), and to also impose a five-year serious felony enhancement under section 667, subdivision (a). (*People v. Purata* (1996) 42 Cal.App.4th 489, 498 [concluding the five-year enhancement under Penal Code § 667, subd. (a), is mandatory even though the same prior conviction triggered a doubling of the base term under § 667, subd. (e)].)

In *People v. Jones* (1993) 5 Cal.4th 1142, the California Supreme Court did hold that the electorate did not intend, in enacting Proposition 8, for a sentence to prison to be enhanced both for a prior serious conviction and for a prison term imposed for that conviction. (*Id*. at pp. 1144-1145, 1150.) The premise of defendant's claim in this case is that he was doubly punished, contrary to Penal Code section 654, for both a five-year enhancement and a one-year enhancement based on the same North Carolina 1984 robbery conviction. Defendant is mistaken. The trial court found true two of three alleged prison term priors, as well as the alleged prior serious felony (five-year) enhancement. The five-year enhancement and one of the prison term priors were based on one of the North Carolina robbery convictions. The trial court stayed the one-year enhancement on the duplicative North Carolina enhancement allegation. There was no dual punishment based on the same offense.

6

Defendant's petition did not address three strikes resentencing under Penal Code section 1170.126 in any substantive way, except to suggest that resentencing under that provision would not pose an unreasonable risk of danger to public safety. An inmate already serving a three strikes indeterminate term may be eligible for resentencing (essentially as a second striker) if the following requirements are met:

"(e) An inmate is eligible for resentencing if:

"(1) The inmate is serving an indeterminate term of life imprisonment imposed pursuant to paragraph (2) of subdivision (e) of Section 667 or subdivision (c) of Section 1170.12 for a conviction of a felony or felonies that are not defined as serious and/or violent felonies by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7.

"(2) The inmate's current sentence was not imposed for any of the offenses appearing in clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clauses (i) to (iii), inclusive, of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12.

"(3) The inmate has no prior convictions for any of the offenses appearing in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or clause (iv) of subparagraph (C) of paragraph (2) of subdivision (c) of Section 1170.12." (Pen. Code, § 1170.126, subd. (e).)

Defendant's record shows that he is not eligible for resentencing under Penal Code section 1170.126. His petition stumbles at the first eligibility requirement: Defendant's current offense is second degree robbery, which is defined in Penal Code section 667.5,

7

subdivision (c)(9), as a violent felony.  Defendant is not eligible for resentencing under Penal Code section 1170.126.

## DISPOSITION

The trial court properly denied defendant's petition for resentencing.  The trial court's order is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
       J.

We concur:


RAMIREZ
     P. J.


HOLLENHORST
     J.

8